## LOUIS UTLEY V. THE STATE.

### No. 3851. · Decided December 1, 1915.

**1.—Murder—Sufficiency of the Evidence—Death Penalty.**

Where, upon trial of murder, the evidence was sufficient to sustain a conviction of murder, assessing the death penalty under a proper charge of the court, there was no reversible error.

**2.—Same—Undue Haste—Deliberation by Jury—Practice in District Court.**

Where, upon appeal from a conviction of murder, the appellant complained that the jury did not give due consideration to the evidence and deliberation thereon, but acted in undue haste in returning their verdict; but the record on appeal showed no evidence of this fact or that the same was brought to the attention of the trial court, the same could not be considered on appeal.

**3.—Same—Express Malice—Death Penalty—Sufficiency of the Evidence.**

Where, upon appeal from a conviction of murder assessing the death penalty, the evidence was sufficient to authorize the jury to find that the killing was upon express malice, although there was some conflict of testimony, the conviction was sustained under a proper charge of the court.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of murder; penalty, death.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, *John D. Crooker* and *E. T. Branch* and *T. J. Harris,* for the State.

DAVIDSON, JUDGE.—Appellant was convicted of murder and given the death penalty.

There were no bills of exception reserved to the ruling of the court during the trial.

The first ground of the motion for new trial alleges the insufficiency of the evidence. The second ground states that the verdict of the jury shows that the evidence was not considered by the jury in arriving at their verdict, because it was rendered in so short a time after the jury retired that it shows conclusively that the verdict rendered was not one upon mature deliberation and consideration of all the facts in the case, but was based upon prejudice and passion against defendant, he being a negro, and not upon the true facts as the evidence reflected. This statement is in no way verified, and there is nothing to indicate the length of time the jury was out before returning the. verdict. It is an ·unverified statement. If the verdict was rendered in undue haste and without consideration there should have been some evidence of this fact brought to the attention of the trial court as well as shown to this court by the record. Every citizen in Texas is entitled to a fair trial and just consideration of his case, and if this has not been

accorded it should be shown to the court so that proper action may be taken. This has not been done, however, if such thing occurred.

There is no complaint of the charge before being read to the jury and no bill of exceptions to any ruling of the court. We are narrowed down, then, to the complaint in the motion for new trial that the evidence is not sufficient to support the finding of the jury. We are of opinion that this court with the evidence before it would hardly be justified in reversing for this reason. There is evidence from which the jury could conclude there was a deliberate killing and one upon express malice. The strength of the State's case may thus be stated briefly: The deceased was constable at Spring, a station on the International & Great Northern Railway, in Harris County. Late in the evening, about 6 o'clock or a little later, leaving the jail where he had been looking after some prisoners, deceased rode to the house of Levy Jackson. Appellant and another negro were sitting on the front step of the house. The deceased rode up and called to appellant, stating that he desired to talk with him a moment. Appellant went through the back of the house and looked from behind a corner of the house and located the constable, who was still sitting on his horse in front of the house. Appellant then went in the house and secured a Winchester rifle, which was in one of the rooms, went to a small window, which was about half covered with a curtain, and fired through it and killed the deceased. Appellant immediately fled and was captured two or three days afterwards in Polk County. The evidence discloses that appellant had been previously arrested in Walker County for burglary. One of the officers of that county had gone on his bond for his appearance before the grand jury. It seems that this burglary occurred in the early part of the year, perhaps in the month of March. Action had been taken by the grand jury but appellant had not been arrested. The testimony indicates rather he was a fugitive from justice, and there is some intimation from the testimony, at least it might be drawn from the testimony, that the constable at Spring purposed to arrest defendant if he identified him as the party who was wanted in Walker County. That is more an inference, however, than a fact. However that may be, it seems appellant so understood or suspected and that for that reason he declined to talk with the officer, and returned to the room and shot him from the window. Appellant reached the town of Spring early in the morning before day, and about 5 o'clock in the morning or a little later, an old negro man, Levy Jackson, saw him, and after some conversation appellant went to Jackson's house and spent the day, mainly in and about the premises, and it was on the evening of that same day that the constable rode by Jackson's house and desired to have this conversation with appellant. Appellant's theory of it was that when he went back behind the house and looked from behind the corner and saw the officer, that he discovered the officer had a pistol in his hand, and that prior to his running from the front steps that the officer had threatened to kill him, and that when he saw him with the pistol he went back and got a gun and shot deceased through

the window. This, it may be stated, is the substance of the case, it being unnecessary to follow the details of the flight of appellant from Spring until his capture two days later in Polk County. We are of opinion that under the facts the jury were authorized to find a killing upon express malice; at least, under the facts this court would not feel justified in reversing the judgment for this reason. The court charged on murder, manslaughter, and self-defense.

Being of the opinion that the verdict of the jury was authorized from their view of the case, we will not disturb the finding and affirm the judgment.

The judgment is affirmed.

*Affirmed.*